UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILSON ACOSTA, | : | CIVIL NO: 1:13-CV-02130 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JUDGE SHARON ZANOTTO, | : | |
| Defendant | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The plaintiff, proceeding *pro se*, has filed a complaint and a motion to proceed *in forma pauperis*. We recommend that the plaintiff's application for leave to proceed *in forma pauperis* be granted, that the complaint be dismissed, and that the plaintiff be granted leave to file an amended complaint.

## II. Factual Background and Procedural History.

The plaintiff, Wilson Acosta, began this case by filing a complaint and an application for leave to proceed *in forma pauperis*. The complaint names Judge Sharon Zanotto as the defendant, and from the context of the allegations it appears that the defendant is an administrative law judge with the Social Security Administration.

Acosta alleges that he felt degraded at a hearing before the defendant, and he claims that the defendant violated his rights. He alleges that the defendant insinuated that he was not being truthful about his conditions and that he was not taking his medication properly. According to Acosta, the defendant claimed not to have certain records of his hospital stays, even though he had submitted a release for such records months before and even though immediately after the hearing he was able to obtain those records within five minutes at Pinnacle Hospital. According to Acosta, the defendant stated her opinion that his conditions were not as severe as he had stated, and the basis for her opinion was that she had family members with one of his reported conditions—hypothyroidism. Acosta also alleges that the defendant had an undisclosed work history with his counsel, but she failed to recuse herself thereby creating a conflict of interest. Acosta further alleges that the defendant refused to allow him five additional minutes for witness testimony. According to Acosta, he was asked to leave the room and wait to be called back, but, after nearly an hour and a half, a stenographer informed him and his witnesses that they would not be seen.

Acosta does not state what relief he is seeking.

## III. Discussion.

### A. Screening of *Pro Se* Complaints—Standard of Review.

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners,* Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

4

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of

5

mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In addition to requiring a short and plain statement of the claim, Fed.R.Civ.P. 8(a) also requires that a complaint set forth the grounds for the court's jurisdiction in a short and plain statement and a demand for the relief sought.

**B.   The Complaint Fails to Comply with Fed.R.Civ.P. 8.**

In its current form, this complaint is flawed in several fundamental respects. First, it fails to comply with Rule 8(a)(1)'s requirement that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."   Acosta does include any statement of the basis for the court's jurisdiction in this case.   Second, Acosta's complaint does not comply with Rule 8(a)(2)'s basic tenet that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although the complaint is short, it does not contain a plain statement of Acosta's claim.   Third, the complaint fails to comply with Rule 8(a)(3)'s requirement that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought."   Acosta does not include any demand for relief.

These failures to comply with Rule 8 make it difficult for the court to discern the nature of Acosta's claims.   It could be that he is seeking monetary damages for what he believes were violations of his constitutional rights by the defendant during the hearing.   But Acosta does not clearly state the nature of any such claims.   Moreover,

since he is complaining about actions taken by the defendant in her role as an administrative law judge presiding over a hearing, the defendant would be entitled to immunity from any such claims for damages. *See generally Butz v. Economou,* 438 U.S. 478, 514 (1978)(holding that persons subject to certain restraints and "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts"); *Coates v. Erickson*, CIV.A. 12-11839-DPW, 2013 WL 1282424 (D. Mass. Mar. 26, 2013)(holding that administrative law judge for the Social Security Administration is entitled to quasi-judicial immunity from a suit for monetary damages).

And to the extent that Acosta is seeking social security benefits, he cannot proceed by way a civil rights action against the administrative law judge. *See Schweiker v. Chilicky,* 487 U.S. 412 (1988)(holding that a cause of action under *Bivens* for money damages against social security officials who allegedly violated the due process rights of claimants leading to the improper denial of social security disability benefits is unavailable). Rather, Acosta's sole basis to pursue benefits is under 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

decision or within such further time as the Commission of Social Security may allow." An action under 42 U.S.C. § 405(g) is against the Commissioner of Social Security, not the administrative law judge.

Because it does not comply with the pleading requirements of Fed.R.Civ.P. 8, we recommend that the complaint be dismissed.

**C. Acosta Should Be Granted Leave to File an Amended Complaint.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the liberal-amendment requirement, although this screening analysis calls for dismissal of the complaint, Acosta should be granted another, final opportunity to comply with the requirements of Fed.R.Civ.P. 8. Thus, we recommend that the complaint be dismissed, but we recommend that the dismissal be without prejudice to Acosta filing an amended complaint.

## IV. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Acosta's application to proceed *in forma pauperis* be granted. **IT IS FURTHER RECOMMENDED** that the complaint be dismissed and that Acosta be granted leave to file an amended complaint in accordance with this Report and Recommendation.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

---

1 We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of August, 2013.

             **S/*Susan E. Schwab***
             Susan E. Schwab
             United States Magistrate Judge