IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILSON ACOSTA, | : | 1:13-cv-2130 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Susan E. Schwab |
| JUDGE SHARON ZANOTTO, | : | |
| Defendant. | : | |

# ORDER

**September 9, 2013**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab (Doc. 5), filed on August 20, 2013, which recommends that we grant *pro se* Plaintiff Wilson Acosta's ("Plaintiff" or "Acosta") application for leave to proceed *in forma pauperis*, but that we dismiss his complaint with leave to amend. Objections to the R&R were due by September 6, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

**I. STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

Plaintiff commenced this action by filing a complaint against a sole defendant - Judge Sharon Zanotto, an administrative law judge with the Social Security Administration who presided over Acosta's claim for social security benefits. Without stating the relief he is seeking, Acosta's two-page complaint simply states that he felt degraded before Judge Zanotto when she allegedly

2

insinuated that the conditions reported of by Plaintiff were not truthful. Further, Acosta alleges that Judge Zanotto had an undisclosed work history with his counsel, but she failed to recuse herself, thereby creating a conflict of interest. Acosta makes other general complaints related to his alleged unfair treatment by Judge Zanotto at his hearing.

Magistrate Judge Schwab undertook a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommends that it be dismissed because, as drafted, it fails to state a claim upon which relief may be granted. Moreover, dismissal is recommended because the complaint fails to comply with Fed. R. Civ. P. 8(a)(1),which requires a pleading to contain a short and plains statement of the claim showing that the pleader is entitled to relief as well as a demand for relief sought. Here, Acosta does not state the nature of his claims, nor does he state what he seeks by way of relief. To the extent he seeks social security benefits, he cannot proceed with a civil action, but must appeal any adverse social security ruling pursuant to 42 U.S.C. § 405(g). Further, to the extent that Acosta is seeking money damages against Judge Zanotto, she would likely be immune from any such claims of damages. *See Butz v. Economou*, 438 U.S. 478, 514 (1978)(holding that persons "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.").

We agree with the Magistrate Judge's recommendation that the complaint as drafted should be dismissed.  However, we agree with her recommendation that the Plaintiff should be give one final opportunity to amend his complaint.  Plaintiff's failure to timely file an amended complaint shall result in dismissal of this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Susan E. Schwab (Doc. 5) is **ADOPTED** in its entirety.

2. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

3. Plaintiff shall file an amended complaint within twenty (20) days of the date of this Order, or this action shall be dismissed.

4. This matter is **REMANDED** to Magistrate Judge Schwab for all further pre-trial management.

s/ John E. Jones III  
John E. Jones III  
United States District Judge